# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## Civil Case No. 1:11cv233
## [Criminal Case No. 1:08cr128-7]

| | |
|---|---|
| SEAN ANTHONY ERVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER and NOTICE** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs that the district court assigned to a § 2255 motion should examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons stated herein, it appears that the Petitioner's motion is time-barred. He shall be given twenty (20) days in which to file a document explaining why he believes his Motion should not be dismissed as untimely.

## I. Factual and Procedural Background

On December 3, 2008, the Petitioner was indicted for conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1) (Count One), possession with intent to distribute a controlled substance, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) (Count Two), and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Three). [Case No. 1:08cr128-7, Doc. 2]. On February 13, 2009, the Petitioner entered a guilty plea in Counts One and Three pursuant to a plea agreement. [Id. at Doc. 114]. Sentencing was held on August 24, 2009, and the Court sentenced the Petitioner to a total of 152 months imprisonment and five years of supervised release. [Id. at Doc. No. 301].

On December 23, 2009, the Petitioner sent a letter to the Clerk of Court for the Fourth Circuit Court of Appeals inquiring about the status of his direct appeal. [Id. at Doc. 388 at 1]. There being no record of an appeal in the Petitioner's criminal case, the Fourth Circuit construed his letter as a notice of appeal. [Id. at 2]. On September 14, 2010, the Fourth Circuit issued an Order denying the Petitioner's motion to extend the filing time for filing a notice of appeal and dismissing his appeal. [Id. at Doc. 443].

## II. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides a one year period of limitation for a motion under this section. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§2255(f). Judgment was entered by this Court on August 25, 2009. [Case No. 1:08cr128-7, Doc. 301]. The Petitioner's conviction and sentence became final on or about September 9, 2009, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000); Fed. R. App. P. 4(b) (providing that, absent certain exceptions, notice of appeal in a criminal case must be filed within 14 days of the entry of judgment).

3

Therefore, the Petitioner had until September 9, 2010 in which to file a motion pursuant to §2255 in federal court. The Petitioner filed this motion on September 13, 2011. It appears that, absent equitable tolling, the Petitioner's motion is untimely.

The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion). The Petitioner will therefore be given the opportunity to explain why his §2255 motion should not be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that on or before twenty (20) days from entry of this Order, the Petitioner may file a document in this Court explaining why his §2255 motion should not be summarily dismissed as untimely.

Signed: September 16, 2011

Martin Reidinger
United States District Judge

4